**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**LORENZO VLADIMIR CATALAN-ROMAN,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

CIV. NO. 11-1212 (PG)
(Re: Criminal No. 02-117(PG))

**ORDER**

    Before the court is Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) filed on February 24, 2011. As per this court's request, on October 24, 2013, Magistrate-Judge Justo Arenas entered a Report and Recommendation ("Report" or "R&R") recommending that the petition be denied and warning the parties that they had ten (10) days, that is, until November 12, 2013, to file any objections to the R&R. See Docket No. 9. Petitioner filed his objections to the R&R. See Docket No. 10.

    Pursuant to 28 U.S.C. §§ 636(b)(1)(B), FED.R.CIV.P. 72(b), and Local Rule 72, a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." U.S. v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)).

    If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citation omitted). In fact, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474

Civ. No. 11-1212 (PG)                                                  Page 2

U.S. 140 (1985); <u>Borden v. Secretary of Health</u>, 836 F.2d 4, 6 (1st Cir.1987).

A careful reading of Petitioner's objections reveals that he is relying on his allegation that he has been unable to properly perfect his Section 2255 petition because he has yet to receive a copy of his case files and trial transcripts from his former attorney. <u>See</u> Docket No. 10. Petitioner's objection to the Report based on his unpreparedness at the time he filed his motion almost three years ago is unavailing inasmuch as he has had ample time to amass the necessary information and documentation. In addition, Petitioner also sets out additional new arguments as grounds for his objections, which, at this juncture, are belated. Therefore, Petitioner's motion is denied as to all of his claims.

Finally, upon *de novo* review, we find no fault with Magistrate Judge's assessment and thus **APPROVE** and **ADOPT** his Report and Recommendation as our own. Consequently, Petitioner's motion (Dockets No. 1) is **DENIED** and the above captioned action will be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, December 2, 2013.

S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE